**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SHAWN MICHAEL TREIBER,<br><br>Plaintiff,<br><br>v.<br><br>ORIZON AEROSTRUCTURES, ET AL.,<br>Defendants. | ) | Case No. 25-cv-02678-TC-JBW |

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL OF PLAINTIFF'S COMPLAINT**

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Plaintiff may file a written objection to this report and recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed this action against Defendants Orizon Aerostructures LLC ("Orizon"), Josh Whyte, and Jay Crumrine. Plaintiff brings his claims pursuant to the Americans with Disabilities Act ("ADA"), Rehabilitation Act, and Kansas Act Against Discrimination. Plaintiff broadly alleges he suffered an injury at work, and his supervisor, Defendant Whyte, ignored his injury and retaliated against him by excluding him from a one-hour lunch break given to all other mechanics. Plaintiff further alleges Defendant Crumrine would not accommodate his requested work restrictions and instead sent him home from work.

On December 22, 2025, the Court entered an order granting Plaintiff's Motion to Proceed Without Prepayment of Fees and ordering Plaintiff to show cause (Dkt. 6). The Court ordered Plaintiff to show cause why Plaintiff's claims brought pursuant to the ADA and Rehabilitation Act against individual Defendants Whyte and Crumrine ("individually named Defendants") should not be dismissed for failure to state a claim, and to clarify under which Kansas state law anti-discrimination statute he alleges to bring his state law claim. On January 5, 2026, Plaintiff responded to the Order the Show Cause (Dkt. 7). In the response Plaintiff stated he intended to pursue claims under the Kansas Act Against Discrimination (K.S.A. § 44-1009). Plaintiff further stated he intended to pursue all claims against Defendant Orizon and the individually named Defendants. Plaintiff did not substantively respond to the concerns raised in the Court's Order to Show Cause regarding whether the ADA, Rehabilitation Act, or Kansas Act Against Discrimination imposed individual liability, and whether the individually named Defendants should be dismissed for failure to state a claim against them.

## I. Applicable Legal Standards

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the party's complaint. The court must dismiss the complaint if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and

[1] 28 U.S.C. § 1915(e)(2)(B).

because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Plaintiff "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[4] Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[5] Plaintiff proceeds *pro se*, thus his pleadings must be construed liberally.[6] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[4] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Bell Atl. Corp.*, 550 U.S. at 545.

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

[8] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## II. Screening of Plaintiff's Complaint

Plaintiff's Complaint asserts claims against Defendant Orizon and the individually named Defendants pursuant to the ADA, Rehabilitation Act, and Kansas Act Against Discrimination. However, none of the statutes under which Plaintiff seeks relief provide for individual capacity liability.[9] Individual supervisors are not liable under the ADA or Rehabilitation Act.[10] Instead, these statutory schemes permit suits against a plaintiff's employer. This Court has held the same principle applies to claims brought pursuant to the Kansas Act Against Discrimination.[11]

From Plaintiff's Complaint it appears Defendant Orizon is his employer—not the individually named Defendants. The individually named Defendants therefore are not proper defendants under the statutes from which Plaintiff seeks relief, and Plaintiff has failed to state a claim against the individually named Defendants. Accordingly, the undersigned recommends to the District Judge that Defendants Whyte and Crumrine be dismissed from this action.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** to the District Judge that Plaintiff's Complaint (Dkt. 1) be DISMISSED IN PART and Defendants Whyte and Crumrine be dismissed from this action.

---

[9] *See Rhone v. Schmanke*, No. 24-4060-EFM, 2025 WL 743976 (D. Kan. Mar. 7, 2025), *aff'd on other grounds,* No. 25-3062, 2026 WL 83306 (10th Cir. Jan. 12, 2026); *Overstreet v. Univ. of Kan. Hosp. Auth.*, No. 25-2735-KHV-BGS, 2026 WL 2286861 (D. Kan. June 5, 2026), *report and recommendation adopted*, No. CV 25-2735-KHV, 2026 WL 2285263 (D. Kan. Aug. 7, 2026).

[10] *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) ("[T]he ADA precludes personal capacity suits against individuals . . . ."); *Moore v. Cooksey*, 242 F.3d 389 (10th Cir. 2000) (affirming dismissal of Rehabilitation Act claims against individual defendants because they were not subject to personal liability for damages). *See also Wilson v. Hous. Auth. of Silver Lake, Kan.*, No. 19-04026-HLT-ADM, 2019 WL 2943054, at *2 (D. Kan. May 30, 2019) (recommending dismissal of ADA and Rehabilitation Act claims against individual defendants because those statutes do not impose individual liability).

[11] *Rhodes v. Schaefer*, No. CIV.A. 98-3323-GTV, 2002 WL 826471, at *3 (D. Kan. Mar. 20, 2002).

**IT IS FURTHER RECOMMENDED** Plaintiff be ordered to file an Amended Complaint naming only his employer, Orizon, as a Defendant.

Dated October 15, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge